UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY KEITH BELL,

          Petitioner,

      v.                                 Case No.  09-C-979

WISCONSIN DEPARTMENT OF CORRECTIONS,

          Respondent.

## RECOMMENDATION THAT THE PETITION BE DISMISSED

On October 14, 2009, Jeffrey Keith Bell ("Bell"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This petition has been randomly assigned to this court and Rule 4 of the Rules Governing Section 2254 Cases requires the court to examine it.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

Bell's petition refers to two separate convictions, both out of Milwaukee County Circuit Court. First, he refers to 2005CF4997, a case in which Bell was sentenced on November 13, 2007 to one year of time served for misdemeanor possession of cocaine. (Docket No. 1 at 2.) Bell appealed and the Court of Appeals summarily affirmed this conviction on February 16, 2009. (Docket No. 1 at 14.) On July 16, 2009, the Wisconsin Supreme Court denied review. (Docket No. 1 at 15.)

In the portion of his petition regarding "State Post-Conviction Relief Other Than Direct Appeal, Bell refers to case number 1995CF951808G, wherein he filed a motion to modify his sentence on May 6, 2009. This motion was denied and Bell states he did not appeal. (Docket No. 1 at 4-5.)

"The United States Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only where the individual seeking the writ is 'in custody.'" Virsnieks v. Smith, 521 F.3d 707, 717 (7th Cir. 2008) (citing 28 U.S.C. § 2241(c); § 2254(a)). It is not enough that a petitioner is confined; rather, he must be confined as a result of the conviction he seeks to challenge in his present petition. See Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir. 1990) ("That a person happens to be in custody is of course not a sufficient reason to rummage through old judgments in search of ones that may be invalid.") Thus, a federal court lacks "pendent jurisdiction" over habeas challenges unrelated to the petitioner's custody. Virsnieks, 521 F.3d at 721.

In the present case, there is no dispute that Bell is currently in custody. However, the face of the petition and the attached documents lack any indication that Bell is in custody as a result of the state court judgment he seeks to challenge here. In case number 2005CF4997, Bell was sentenced to time served and thus is not in custody as a result of this conviction.

It appears that Bell's current custody is a result of a revocation of probation in case number 1995CF951808G. In his petition, Bell makes it clear that he is not challenging the state court judgment in that case, and Bell has failed to indicate that he has exhausted his state court remedies with respect to any claim he may have relating to this state court judgment. Further, because this case is from 1995, any potential challenge to this conviction may be barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Thus, the court does not construe Bell's petition as actually challenging his conviction or resulting custody in case number 1995CF951808G.

Judge Lynn Adelman's recent statements in a factually similar case in this district are equally applicable to the question currently before this court:

> It appears from the face of the petition and the attached documents that petitioner is not in custody, as his sentence for the challenged conviction was a time-served disposition, and he has alleged no facts indicating that he is subject to some other type of custody pursuant to the challenged conviction. A district court has jurisdiction to entertain a habeas petition only when the habeas petitioner is "in custody" under the conviction or sentence under attack at the time his petition. Maleng v. Cook, 490 U.S. 488, 491-92 (1989). Moreover, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. at 492.
>
> Additionally, even if petitioner were in custody, he does not appear to be challenging that custody by seeking "earlier or immediate release," and therefore is not seeking habeas corpus relief. Washington v. Smith, 564 F.3d 1350, 1350 (7th Cir. 2009). "A habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254 or § 2255." Id.

Williams v. Wis., 2009 U.S. Dist. LEXIS 56169, 2-3 (E.D. Wis. 2009). Thus, it is the conclusion of this court that the resolution reached by this court should be the same as that reached by Judge Adelman in Williams, and Bell's petition should be summarily dismissed.

**IT IS THEREFORE RECOMMENDED** that Bell's petition for a writ of habeas corpus be summarily dismissed in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

This case should be assigned to a district judge for the purpose of considering this recommendation.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any

objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of right to appeal.

Dated at Milwaukee, Wisconsin this 19th day of October 2009.

                                                  s/AARON E. GOODSTEIN
                                                  U.S. Magistrate Judge